**FARDALE CORPORATION, formerly known as Liberty Products Corporation**

v.

**UNITED STATES.**

No. 258-58.

United States Court of Claims.

July 13, 1959.

Rollin Browne, New York City, for plaintiff. Hugh Satterlee, Washington, D. C., on the brief.

William T. Kane, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Philip R. Miller, Washington, D. C., on the brief.

LARAMORE, Judge.

This suit is brought by plaintiff to recover alleged overpayments of excess profits taxes for the years 1950 through 1953.

The petition alleges that certain payments included in its 1945 income were erroneous and should have been included in 1946 for the purpose of computing income for its base period years.

Defendant by way of affirmative defense pleads that the plaintiff is equitably estopped from correcting the alleged error because of a written stipulation entered into whereby a portion of the payments was included as 1945 income and a portion of the payments was included as 1946 income.

As a consequence plaintiff has filed motion to strike defendant's affirmative answer or alternatively (1) for partial summary judgment overruling the defense of estoppel or (2) for a separate trial on this issue.

In this posture of the case the narrow issue as to whether defendant's estoppel defense shall stand or fall is presented.

The facts as developed from the pleadings, affidavits, and exhibits are summarized as follows: Plaintiff, the predecessor in interest of Liberty Products Corporation, was advised by letter dated June 24, 1952, of a proposed overassessment in income taxes and a proposed deficiency in excess profits taxes for its taxable years ending November 30, 1945, and November 30, 1946. Petition was timely filed by plaintiff in the Tax Court. After negotiations carried on between plaintiff and the Commissioner of Internal Revenue, a written stipulation was entered into between plaintiff and the Commissioner of Internal Revenue whereby certain payments to plaintiff were treated as 1945 income and certain payments were treated as 1946 income. A Tax Court judgment was entered based upon this stipulation. The Tax Court judgment is as follows:

"The Tax Court of the United States

"Washington

| | |
|---|---|
| "Liberty Products Corporation, Petitioner,<br><br>v.<br><br>Commissioner of Internal Revenue, Respondent. | Docket No. 43527 |

"Decision

"Under written stipulation signed by counsel for the parties in the above-entitled proceeding and filed with the Court on Oct. 27, 1955 at Washington, D. C. it is

"Ordered and Decided: That there is a deficiency in income tax for the taxable year ended November 30, 1946 in the amount of $235,-788.42; that there is an overpayment in excess-profits tax for the taxable year ended November 30, 1945 in the amount of $481,742.29, which amount was paid within three years before the execution of the agreement, which agreement was executed within three years from the time the return was filed by the taxpayer.

"(Signed)    J. E. Murdock
"Judge.

"Enter:
"Entered Oct. 28, 1955"

On December 28, 1955, plaintiff filed claim for refund of excess profits taxes for the year 1950 and on December 30, 1955, plaintiff filed its claims for refund of excess profits taxes for the years 1951, 1952, and 1953. In each claim for refund plaintiff asserted as a basis for recovery that in the computation of its average base period net income, used in computing its excess profits taxes for the years in suit, the computation of its net income for 1946 failed to include certain contract termination payments and refunds of New York State franchise taxes which should have been taken into account in computing net income for such year. The claims were disallowed on the basis that the amount allowed in the written stipulation for 1946 income should be used by the Commissioner in computing plaintiff's average base period net income for excess profits tax purposes for the years 1950 through 1953. This suit resulted.

The Excess Profits Tax Act of 1950, 64 Stat. 1137, 26 U.S.C.A. Excess Profits Taxes, § 430 et seq., imposed upon plaintiff an excess profits tax measured in part by the excess of income in 1950–1953 over its average income for the base period years of 1946–49. A special high tax was created in order to prevent taxpayers from realizing abnormally high income by reason of profits made in connection with our Government's prosecution of the Korean War. Plaintiff was entitled under section 435 of the Internal Revenue Code of 1939, 26 U.S.C.A. Ex-

cess Profits Taxes, § 435 to a credit based upon its average base period net income. This average base period net income was to be determined by computing under section 433(b) the normal tax net income as defined by section 13(a) (2), 26 U.S.C.A. § 13(a) (2), together with certain adjustments not here material. The higher the base period net income the greater credit and less excess profits tax liability for the years in question. It was therefore beneficial to a taxpayer to have high income in the base period years in order to offset the effect of the excess profits tax.

■ Congress, in passing the Excess Profits Tax Act of 1950, did not intend to bind the taxpayer to an incorrect item of income reported by returns filed for the base period years. In fact, it was Congress' explicit intent that the base period income should be reexamined for its correctness at the time that the excess profits tax returns were to be filed, i. e., 1950–1953, and that the correct income for that period be used in computing the credit. Midvale Company v. United States, 124 F.Supp. 678, 129 Ct. Cl. 483; Leonard Refineries, Inc. v. Commissioner, 11 T.C. 1000; Rosemary Manufacturing Co. v. Commissioner, 9 T.C. 851.[1] This is made quite evident by section 452 which gives both the taxpayer and the Commissioner the right to adopt a position inconsistent with a prior determination of income tax liability for a base period year and make such correction even though the correction of the error is prevented by some provision or rule of law such as the statute of limitations, or res judicata. Section 452 is in all material respects similar to section 734 of the 1939 Code which dealt with inconsistent treatment under the World War II excess profits tax. See section 450, H.Rept. No. 3142, 81st Cong., 2d Sess., U.S.Code Cong.Service 1950, p. 4027. The legislative history respecting section 734, H.Rept. 146, 77th Cong. 1st Sess. clearly demonstrates the

correctness of the above rule. The Commissioner of Internal Revenue also has recognized that a taxpayer in computing its average base period income for excess profits tax purposes was not to be bound by a prior erroneous treatment of income when he adopted section 40.-452(c) (3) of Reg. 130, which provides that:

"Neither the Commissioner nor the taxpayer is required to adopt an inconsistent position with respect to the treatment of an item or transaction in the determination of the excess profits credit because of the fact that such item or transaction was incorrectly treated in the determination of the income tax liability of the taxpayer, or a predecessor, for a prior taxable year or years, under the law applicable to such year or years. Such item or transaction may, in the determination of the excess profits credit, be treated in a manner consistent with the incorrect treatment accorded in the determination of the income tax liability if neither the Commissioner nor the taxpayer objects. *Either the Commissioner or the taxpayer, however, may insist upon the correct treatment of such item or transaction in the determination of the excess profits credit under the law applicable to the excess profits tax taxable year,* but such action constitutes the maintenance of an inconsistent position and will result in an adjustment under section 452, if the party insisting upon such treatment is the party who would be adversely affected by such adjustment." [Italics added.]

■ The defendant does not directly dispute this right of a taxpayer to insist that errors in income for the base period years be corrected, but contends that this plaintiff is estopped from maintaining a position inconsistent with the stipulation upon which the Tax Court

---

1. These cases dealt with the World War II excess profits tax statutes, but the principles enunciated therein are directly applicable to the instant case.

judgment was based. We believe the defendant to be in error in this contention.

The judgment of the Tax Court, based upon a written stipulation between the parties, was a determination of income and resulting taxes due from plaintiff's predecessor for the years 1945 and 1946. This determination had nothing whatsoever to do with plaintiff's excess profits tax liability for the years 1950–1953. If the stipulation and judgment provided for the inclusion in 1945 of income properly includable in 1946, then plaintiff has the right, in computing base period income, to insist that the determination be corrected notwithstanding such stipulation and judgment.

The cases cited by the defendant[2] for the proposition that an equitable estoppel will prevent a taxpayer from changing his position to the detriment of the Government are inapposite to the situation presented here and are clearly distinguishable. In the case at bar, plaintiff is not attempting to change its position with respect to the 1945–1946 tax determination, but rather is seeking to prevent the perpetuation of an alleged error which would adversely affect its excess profits tax liability for entirely different years. As previously noted, Congress fully intended that such correction should be made notwithstanding some rule of law which would prevent the redetermination of prior taxes.

In oral argument defendant's counsel suggested that even if the defense of estoppel did not apply in this case, nevertheless section 452 prevented a correction of any error in 1945–1946 income because there had been a compromise of taxes for those years under section 3761 of the Code, 26 U.S.C.A. § 3761. Section 452 states that if a section 3761 compromise has been entered into then no tax adjustment shall be made respecting inconsistent treatment for a prior year. A section 3761 compromise, however, does not prevent the correction of an error in base period income for excess profits credit purposes, but merely prevents either the taxpayer or the Commissioner from claiming an adjustment under section 452 respecting taxes paid for the year compromised. Plaintiff in this action is not contending that he is entitled to a refund of 1945–1946 taxes paid, but is merely asking that his excess profits credit be computed on the basis of a correct base period income. Were plaintiff claiming a refund of 1945 or 1946 taxes his rights would necessarily have to arise under section 452 which is the only avenue now open to plaintiff. This is the sole function of section 452, and plaintiff's right to a correct base period income determination does not stem from this section, nor does plaintiff so contend. Thus, even were we to hold that the Tax Court settlement was a compromise under section 3761, which we explicitly do not decide, plaintiff nevertheless would still be entitled to correctly compute its base period income because such is his right under the Excess Profits Tax Act of 1950.

Consequently plaintiff's motion for partial summary judgment dismissing

---

2. Stearns Co. of Boston, Mass. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L. Ed. 647; Stevens Manufacturing Co. v. United States, 8 F.Supp. 720, 80 Ct.Cl. 183; Berch v. United States, 54 F.Supp. 175, 101 Ct.Cl. 268; Guggenheim v. United States, 77 F.Supp. 186, 111 Ct. Cl. 165; Alamo National Bank of San Antonio v. Commissioner, 5 Cir., 95 F.2d 622. In each of these cases, with the exception of the Alamo case, the taxpayers were seeking refunds of taxes which were paid under somewhat similar circumstances as plaintiff's 1945–1946 taxes. In the Alamo case the taxpayer was held to be estopped from claiming a higher tax basis on property sold in 1931 from a basis previously determined in its tax return of 1921. In the Alamo case, as in the others cited by defendant, there was no question of computing base period income as an excess profits credit for use in later years, and no statute or rule of law provided for the correction of errors in base period income.

the defense of estoppel is granted, and defendant's cross-motion is denied.

It is so ordered.

JONES, Chief Judge, and LITTLETON (Retired), MADDEN and WHITAKER, Judges, concur.